**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| RAKIEM WILLIAMS, TONY BROWN, MEAGAN LEHNERT, and CHRISTINA GLENN, *individually and on behalf of all others similarly situated*, | ) ) ) ) ) ) | Case No.: 1:22-cv-02531 |
| Plaintiffs, | ) ) | The Honorable Sunil R. Harjani |
| v. | ) ) | Magistrate Judge Beth W. Jantz |
| Linerock Investments, Ltd., | ) ) |  |
| Defendant. | ) ) |  |

**AGREED CONFIDENTIALITY**
**ORDER**

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.    **Scope.**   All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and any material received through third-party discovery, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.    **Confidential Information.**   As used in this Order, "Confidential Information" means information designated as either:

(a)  "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories:  (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential;  (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case". Information or documents that are available to the public may not be designated as Confidential Information.

(b)  **Attorney's Eyes Only.** As used in this Order, "Attorney's Eyes Only" ("AEO") means information designated as "AEO - SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information that reveals trade secrets of the producing Party which would expose the Party to irreparable competitive harm if made available to a Party or third party; or (b) highly sensitive information of the producing Party which would expose the Party to competitive disadvantage if made available to a Party or third party. Nothing in this paragraph 2(b) is meant to prevent a Party from designating as "AEO - SUBJECT TO PROTECTIVE ORDER" any of the information found in the paragraph 2(a) categories of information, to the extent such Party has a good faith belief that the information is too competitively sensitive to disclose to the other Party.

(c)  **Source Code.** To the extent any Party produces computer Source Code for inspection, such Source Code, and any documents containing representations, excerpts, or descriptions of it, may be produced under the designation "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – AEO SOURCE CODE SUBJECT TO PROTECTIVE ORDER."

The parties agree that any copies, documents or notes that directly quote or recite such Source Code also shall automatically be designated Highly Confidential – Attorneys' Eyes Only Source Code Subject to Protective Order. Access to such Highly Confidential – Attorneys' Eyes Only Source Code Subject to Protective Order information by the Receiving Party shall be limited to the manner provided below:

(i). Any and all such Source Code information designated hereunder and made available for inspection, regardless of form, shall be maintained only and in the custody and control of the Producing Party's outside attorneys of record in one of their offices designated by the Producer. The Producing Party will make its Source Code available at the offices of Actuate Law LLC, 641 West Lake, 5th Floor, Chicago, Illinois, between the hours of 9:00 a.m. and 5:00 p.m. on weekdays upon reasonable notice (which shall not constitute less than seven (7) business days) from the recipient. However, and also upon reasonable notice from the Recipient, the Producer shall make reasonable efforts to accommodate the Recipient's request for access outside of normal business hours.

(ii). Where source code is provided in hard copy form, such hard copies shall be stored and viewed only at: (i) secure offices of the Producing Party's outside attorneys of record; (ii) the secure site where any deposition relating to the Source Code is taken; (iii) the Court; or (iv) any secure intermediate location necessary to transport the information to a hearing, trial, or deposition in this action. Such copies shall be kept in a secure, locked container and in a manner to prevent unauthorized access and duplication. Source code produced in hard copy form may be transported only when necessary for a deposition or hearing, and then only in a locked, secure container.

(iii). Only those persons identified in Paragraph 5(b) may have access to

3

inspect the Source Code (the "Authorized Individuals").

(iv).    Source Code shall only be provided for inspection and only on "stand– alone" computers (that is, not connected to a network, Internet or peripheral device) at a secure, locked facility as designated in paragraph 2(c)(i) above.  The Producing Party need not provide executable code.  Inspection by Authorized Individuals may be subject to additional, reasonable security measures by the Producing Party (e.g., the Producer may require presentation of photo identification by representatives of the Recipient prior to inspection).  The Authorized Individuals shall be entitled to take notes relating to the Source Code but may not copy the Source Code into notes.  Use of any input/output device (e.g., USB memory stick, CDs, floppy disk, portable hard drive, etc.) is expressly prohibited while accessing the computer containing the Source Code Material. However, the Authorized Individuals may use searching tools (as agreed upon by the parties) to inspect, annotate, number the lines of, and Bates label the pages of the back–up copy of the Source Code.  The back–up copy will remain on the above referenced stand– alone computer and be subject to all of the provisions of this Protective Order that govern Source Code.  No other electronic copies of the Source Code may be made.

(v).    The Producing Party shall install tools that are sufficient for viewing and searching the source code on the platform produced, if such tools exist and are generally commercially available.  The Receiving Party may request that commercially available software tools for viewing and searching source code be installed on the secured computer, provided, however, that such other software tools are reasonably necessary for the Recipient to perform its review of the source code consistent with all of the protections herein and do not permit copying, compiling, or storing the source code.  The Recipient shall bear the cost and responsibility for obtaining a properly licensed copy of any commercially available software tool it requests be

installed on the secured computer.

(vi).    The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on–site printing during inspection of the source code. The Recipient may print limited portions of the source code only when narrowly tailored and reasonably necessary to facilitate the Recipient's preparation of court filings, taking deposition, preparing expert reports, and infringement contentions, and related drafts and correspondences, and shall print only such portions as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose.  Each page of any printed copies of source code shall be printed on colored paper.  After printing, the Producing Party shall collect the printed copies, Bates number, and label any pages printed by the Receiving Party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY (or "AEO") SOURCE CODE SUBJECT TO PROTECTIVE ORDER."  The Producing Party shall make a copy of the labeled and numbered pages on colored paper and provide that copy to the recipient within five (5) business days.

(vii).    In no event, may the Receiving Party print more than 15 consecutive pages or 250 total pages of source code without the Producing Party's written permission. The Parties agree to reasonably negotiate exceptions to these page limitations in good faith when reasonable necessity presented by Recipient. If the Producing Party objects that the printed portions are excessive and/or not reasonably necessary to any case preparation activity, the Producer shall make such objection known to the Recipient within ten (10) business days.  If, after meeting and conferring, the Producer and the Recipient cannot resolve the objection, the parties shall be entitled to seek a Court resolution of whether the printed source code in question is narrowly tailored and reasonably necessary to any case preparation activity as provided herein. The burden shall be on the Recipient to demonstrate that such printed portions are narrowly

tailored and no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere.

(viii).   The Receiving Party may make no more than two additional color paper copies of any portions of the source code received from a Producing Party pursuant to paragraph 2(c)(vii), not including copies attached to court filings, or used at depositions, and shall maintain a log of all paper copies of the source code.   The log shall include the names of the reviewers and/or recipients of paper copies, locations where the paper copies are stored, and the times any of the paper copies are accessed and then returned.

(ix).     Except as provided in this sub–paragraph, the Receiving Party may not create electronic images or electronic copies of the source code from any paper copy of source code for use in any manner.   Images or copies of source code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to submit a portion of source code as part of a filing with the Court, the Party may make an electronic image or copy of the source code for the purpose of that filing only, provided the Party takes all necessary steps to ensure the confidentiality of the source code is maintained, including, but not limited to, filing of such portions under seal and referencing this Order. Any such electronic image or copy of the source code must be labeled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY SOURCE CODE SUBJECT TO PROTECTIVE ORDER" as provided for in this Order.   The parties may maintain one electronic copy of the entire Court filing, including any electronic image or copy of the source code made part of that filing so long as the same is stored using the parties' system's highest degree of security and secure access settings, but shall promptly destroy any other electronic images or copies of the source code once the filing has

been made.

(x).    Under no condition may any Authorized Individual disclose, in whole or in part, or the substance of, orally or in copies, the Source Code of the Producing Party to an unauthorized person.

(xi).    Nothing in this Order shall obligate the parties to produce any particular portion of the Source Code, and this Order is not an act or admission that any particular portion of a Producing Party's Source Code is discoverable.

(xii).    Employees of counsel for the Producing Party shall be entitled to verify that persons accessing Source Code are duly Authorized Individuals under this Order.

(xiii).    All paper copies of Source Code shall be securely destroyed if they are no longer in use (e.g., at the conclusion of a deposition).  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(xiv).    The parties may arrange, by mutual agreement, for the production and inspection of Source Code under terms that are less restrictive than those contained in this Order without further order of the Court.  The Producing Party shall have the right to waive any of the protections afforded hereunder, and the Receiving Party does not waive any right to seek leave, for good cause shown, to modify the protections afforded hereunder based upon the facts and circumstances of any particular requested production.

(xv).    All persons receiving Confidential or Highly Confidential— Attorneys' Eyes Only Material shall take all steps reasonably necessary to prevent the disclosure of such Material to anyone other than persons expressly identified herein.

(xvi).    This paragraph 2(c), along with the protections of paragraph 5, shall

apply to all source code, and shall be controlling over any other provisions of this Order.

        **d.**      **Attorneys' Eyes Only – Redactions.**  As used in this Order, "Attorney's Eyes Only - Redactions" ("AEO - REDACTIONS") means information designated as "AEO – REDACTIONS SUBJECT TO PROTECTIVE ORDER" by the Producing Party that are for any of the Producing Party's production, including, but not limited to, ESI, containing or relating to information beyond the scope of the claims of this Action. Except as agreed by the Parties, a Producing Party shall redact no more than 500 documents. A Producing Party may request additional redactions beyond the 500-document limit by notifying the Requesting Party of its request, and the Parties shall thereafter meet and confer within five (5) business days to discuss the request.

        (i).      Production of such "AEO – REDACTIONS SUBJECT TO PROTECTIVE ORDER" information shall be as follows: (A) the Producing Party shall segregate this production; (B) the Producing Party shall highlight the information it intends to redact as being beyond the scope of the claims of this Action; (C) the Producing Party shall send this production to the Requesting Party in a separate correspondence to other production; (D) the Requesting Party shall, within a reasonable period, review this production and raise any disputes it may have to any of the proposed redactions; (E) the Parties shall thereafter meet and confer within five (5) business days to try to resolve any disputes over the proposed redactions; (F) for any unresolved disputes over this information the Requesting Party will have ten (10) business days to bring the dispute to the Court's attention for resolution; and (G) if no such request or motion is made to the Court within the above allotted time, the dispute will be deemed waived and the Producing Party shall thereafter reproduce the information with any redactions agreed to and/or waived.

        (ii).      See paragraph 5(b) for the persons allowed to view information

produced as "AEO – REDACTIONS SUBJECT TO PROTECTIVE ORDER". Once the above process of 2(d)(i) is completed, the Producing Party shall thereafter make the appropriate redactions and produce the same with the appropriate designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "AEO - SUBJECT TO PROTECTIVE ORDER".

**3.      Designation.**

**(a)**      A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "AEO – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "AEO – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "AEO – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "AEO – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. For source code designated or "HIGHLY CONFIDENTIAL – AEO SOURCE CODE SUBJECT TO PROTECTIVE ORDER," see paragraph 2(c) above.

(b)     The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.[1]

**4.      Depositions.**

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the twenty-first day after the transcript is delivered to the deposed party's counsel or the witness, and in no event later than 45 days after the transcript was delivered to the deposed party's counsel or the witness. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

**5.      Protection of Confidential Material.**

(a)      **General Protections**. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. In a putative class action, Confidential Information may be disclosed only to the named plaintiff(s) and not to

---

[1] An attorney who reviews the documents and designates them as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, AEO – SUBJECT TO PROTECTIVE ORDER, or HIGHLY CONFIDENTIAL – AEO SOURCE CODE SUBJECT TO PROTECTIVE ORDER must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

any other member of the putative class unless and until a class including the putative member has been certified.

        **(b)**     **Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(10) for Confidential Information marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER", or to any third person or entity except as set forth in subparagraphs (1), (3)-(10) for Confidential Information marked "AEO - SUBJECT TO PROTECTIVE ORDER", or to any third person or entity except as set forth in subparagraphs (1), (3)-(8) and (10) for Confidential Information marked "HIGHLY CONFIDENTIAL – AEO SOURCE CODE SUBJECT TO PROTECTIVE ORDER," or to any third person or entity except as set forth in subparagraphs (1), (3), and (5) for Confidential Information marked "AEO – REDACTIONS SUBJECT TO PROTECTIVE ORDER." Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

        (1)     **Counsel**. Counsel for the parties and employees of counsel who have responsibility for the action;

        (2)     **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

        (3)     **The Court and its personnel**;

        (4)     **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

        (5)     **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to host or process electronically stored documents, including hosting, processing and sub-processing using "cloud-based" technology, provided however that all third parties have agreed to

maintain the confidentiality of any documents they receive consistent with this Order by having a single officer or employee with the necessary authority execute the certification contained in Attachment A (for contractors with direct access to Confidential Information marked "HIGHLY CONFIDENTIAL – AEO SOURCE CODE SUBJECT TO PROTECTIVE ORDER," Attachment A shall include a list of all individuals who will have direct access to view the contents of Confidential Information so designated), and that document storage, hosting, and processing is done in a secure manner with commercially reasonable safeguards to prevent unauthorized access;

(6) **Consultants and Experts**. Consultants or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary (other than Plaintiffs with respect to Confidential Information marked either "AEO - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – AEO SOURCE CODE SUBJECT TO PROTECTIVE ORDER" by Defendant). Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(8) **Author or recipient**. The author or recipient of the document (not including a person who received the document in the course of litigation);

(9) **Mock Jurors and Focus Group Participants.** Professional jury or trial consultants including mock jurors and focus group participants who have executed the certification contained in Attachment A; and

(10) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under

this Order for a period of three years after the termination of the case. In the event of an inadvertent disclosure of Confidential Information, counsel shall take reasonable steps to limit any further disclosure and to retrieve any copies of improperly disclosed material, and shall notify and provide the details of such disclosure to opposing counsel as soon as is reasonably possible.

6. **Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony, unless the party tasked with making the designations has requested an extension of the deadline within three (3) business days of the deadline. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

8. **No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that

13

it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. **Challenges by a Party to Designation as Confidential Information**. The designation of any material, testimony, or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) **Meet and Confer**. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within ten (10) business days.

(b) **Judicial Intervention**. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**11.     Use of Confidential Documents or Information at Trial**.  Nothing in this Order shall be construed to affect the use of any document, testimony, material, or information at any trial or hearing.  A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**12.     Confidential Information Subpoenaed  or Ordered Produced  in Other Litigation.**

**(a)**     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**(b)**     The receiving party also must immediately inform, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

**(c)**     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing  in these provisions should be construed as authorizing or

encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

**13. Challenges by Members of the Public to Sealing Orders**. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**14. Obligations on Conclusion of Litigation**.

    **(a) Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    **(b) Obligations at Conclusion of Litigation.** Within sixty-three ( 6 3 ) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "AEO – SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[2] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

---

[2] The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

(c) **Retention of Work Product and one set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d) **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System**. Filings under seal shall be deleted from the ECF system only upon order of the Court.

15. **Authorized Disclosure Under BIPA**. The limited disclosure and transfer of Confidential Information constituting or potentially constituting biometric information or biometric identifiers, as defined by BIPA, 740 ILCS 14/10, is permitted under this Order pursuant to 740 ILCS 14/25(a), if done solely for purposes of this litigation and in compliance with the terms of this Order.

16. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

17. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule

26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**18.    Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

Dated:    November 25, 2024

_____

Magistrate Judge Beth W. Jantz

WE SO MOVE
and agree to abide by the
terms of this Order


_/s/ Ian Engdahl_____

Ian Engdahl (admitted pro hac vice)
James J. Pizzirusso (admitted pro hac vice)
**HAUSFELD LLP**
888 16th Street NW, Suite 300
Washington, D.C. 20006
(202) 540-7200
iengdahl@hausfeld.com
jpizzirusso@hausfeld.com

Steven M. Nathan (admitted pro hac vice)
**HAUSFELD LLP**
33 Whitehall Street, 14th Floor
New York, NY 10004
(646) 357-1100
snathan@hausfeld.com

Nada Djordjevic
Adam J. Levitt
Amy E. Keller
James A. Ulwick
**DICELLO LEVITT LLP**

WE SO MOVE
and agree to abide by the
terms of this Order


_/s/ Michael R. Gilman_____

Michael R. Gilman (admitted *pro hac vice*)
Jeffrey I. Kaplan (pro hac vice to be filed)
**KAPLAN BREYER SCHWARZ, LLP**
317 George St., Suite 320
New Brunswick, NJ 08901
(732) 578-0103, ext 233 (Gilman)
mgilman@kbsiplaw.com
(732) 578-0103, ext 231 (Kaplan)
jkaplan@kbsiplaw.com

Douglas Albritton
Jeffrey Hansen
**ACTUATE LAW LLC**
641 West Lake, 5th Floor
Chicago, IL 60661
(312) 579-3131
doug.albritton@actuatelaw.com
jeff.hansen@actuatelaw.com

*Counsel for Defendant Linerock Investments, Ltd.*

Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
ndjordjevic@dicellolevitt.com
alevitt@dicellolevitt.com
akeller@dicellolevitt.com
julwick@dicellolevitt.com

Jeffrey D. Kaliel*
Sophia Gold*
**KALIELGOLD PLLC**
1100 15th Street, NW, 4th Floor
Washington, D.C. 20005
(202) 350-4783
jkaliel@kalielpllc.com
sgold@kalielgold.com

Don Bivens*
**DON BIVENS PLLC**
Scottsdale Quarter
15169 North Scottsdale Road, Suite 205
Scottsdale, Arizona 85254
(602) 708-1450
don@donbivens.com

*Counsel for Plaintiffs and the Class*

*\* Pro Hac Vice Admission*
*Applications Forthcoming*

ATTACHMENT A

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| RAKIEM WILLIAMS, TONY BROWN, MEAGAN LEHNERT, and CHRISTINA GLENN, *individually and on behalf of all others similarly situated*, | ) ) ) ) ) ) | Case No.: 1:22-cv-02531 |
| Plaintiffs, | ) ) | The Honorable Sunil R. Harjani |
| v. | ) ) | Magistrate Judge Beth W. Jantz |
| Linerock Investments, Ltd., | ) ) |  |
| Defendant. | ) ) |  |

## <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

The undersigned hereby acknowledges that he/she has read the Confidentiality Order

dated _____ in the above-captioned action and

attached hereto, understands the terms thereof, and agrees to be bound by its terms. The

undersigned submits to the jurisdiction of the United States District Court for the Northern

District of Illinois in matters relating to the Confidentiality Order and understands that the

terms of the Confidentiality Order obligate him/her to use materials designated as Confidential

Information in accordance with the Order solely for the purposes of the above-captioned

action, and not to disclose any such Confidential Information to any other person, firm or

concern.

 

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

                                  _____

                                    _____

Date: _____        _____
                                       Signature